```
              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEBRASKA
```

```
UNITED STATES OF AMERICA,     )
                              )
            Plaintiff,        )        4:07CR3152
                              )
      v.                      )
                              )
JOHN F. KROTZ,                )        REPORT, RECOMMENDATION
                              )              AND ORDER
            Defendant.        )
                              )
```

INTRODUCTION

Defendant Krotz' "Motion to Suppress," (filing 21), seeks an order suppressing "the physical evidence, statements, investigations and interrogations obtained by the Government arising out of the search of the residence at 6008 Dogwood, Lincoln, Nebraska on October 10, 2007 and the subsequent search of the residence at 2001 Washington, Lincoln, Nebraska on or about October 18, 2007. . . ." Filing 21, p. 1. Since the body of the motion and accompanying brief indicated the defendant was challenging a search conducted pursuant to a warrant, the court required the defendant to file the relevant warrant affidavit, warrant, and warrant return for an initial determination of whether an evidentiary hearing should be scheduled. Filing 23.

The defendant filed the warrant application, warrant, and warrant return. See filing 25. Upon the court's review of these filings, the court ordered the defendant to file a supplemental brief clarifying the basis of his Fourth Amendment challenges to the searches of the 6008 Dogwood and 2001 Washington properties. Filing 28.

In response, the defendant filed a supplemental brief which explained:

> Defendant Krotz's Motion is more appropriately considered a Motion in Limine seeking exclusion of any physical evidence, statements, investigations and interrogations obtained by the Government arising out of the search of the apartment located at 2001 Washington Street #2 in Lincoln, Nebraska on or about October 18, 2007, as any such evidence is not relevant to the charges contained in the Indictment.

Filing 32.  The defendant further explained that evidence found in the 2001 Washington Street apartment, which was abandoned by the defendant on August 31, 2007, is not relevant to the pending charge that defendant engaged in illegal drug activity on October 10, 2007.  The defendant specifically claims any evidence found during the 2001 Washington Street search is inadmissible under Rule 404(b).  Filing 32, pp. 3-4.

The government responded by filing a brief opposing the motion to suppress, (filing 33), and a notice pursuant to Rule 404(b) stating the government intends to offer evidence that defendant Krotz occupied apartment #2 at 2001 Washington Street in Lincoln, Lancaster County, Nebraska on or before August 31, 2007, and that narcotics-related evidence was seized from that apartment on October 18, 2007.  Filing 34.  The government's brief argues that the evidence seized from the 2001 Washington apartment: 1) should not be suppressed under the Fourth Amendment, and 2) is admissible under Rule 404(b).

                          ISSUES ADDRESSED

Determining whether the evidence seized from the 2001 Washington apartment is relevant and admissible under the Federal

Rules of Evidence is properly determined by the presiding trial judge. The undersigned magistrate judge will not address that issue in this report and recommendation.

However, in the interest of assuring that any Fourth Amendment claims potentially raised have been resolved prior to trial, this report and recommendation will discuss whether the evidence seized from the 6008 Dogwood and 2001 Washington residences should be suppressed. Having reviewed the warrant application, warrant, and warrant return, I recommend that defendant's constitutional challenges to admissibility of this evidence should be denied.

                        STATEMENT OF FACTS

On October 10, 2007, Officer Duane Winkler of the Lincoln Police Department in Lincoln, Nebraska completed and signed a warrant application to search a residence located at 6008 Dogwood Street in Lincoln, Nebraska. According to his affidavit, Officer Winkler, a Lincoln Police Officer for over six years, had received training from the Lincoln/Lancaster County Narcotics Task Force and other law enforcement agencies regarding the use, sale, and growing of marijuana, and in his role as a Task Force investigator, he had accumulated the following information:

- Lincoln Police Officer Herrera filed a report in May of 2006 which stated he had contacted defendant Geoffrey A. Leach concerning a burglary report for 2726 S. 18th Street, where defendant Leach was living at the time, and saw paraphernalia related to a marijuana grow operation in a closet lined with reflective material and noted a strong odor of air freshener. Officer Herrera was an investigator for the Lincoln-Lancaster County Narcotics Task Force for four years and had experience in grow operations and narcotics investigations.

3

- On May 27, 2007, a confidential informant of unknown reliability reported short-term traffic consistent with drug sales at the 6008 Dogwood residence.

- On August 8, 2007, a confidential informant(CI) who had previously provided reliable and corroborated information to law enforcement told Officer Winkler that defendant Leach was growing and selling marijuana. Defendant Leach had previously been arrested in September 1993 for Possession of Controlled Substances with Intent to Deliver and possession of hashish and marijuana.

- According to Lincoln Electric System records, defendant Leach was financially responsible for the electric utility bills associated with a home located at 6008 Dogwood Street in Lincoln, Nebraska.  As of August 20, 2007, LES records indicated the electricity usage at 6008 Dogwood for the months of May through August of 2007 far exceeded the usage for the same months in 2006, and far exceeded the average usage of other homes in the neighborhood.

- On October 9, 2007 at 2:30 a.m., Officer Winkler noticed trash had been placed on the city right-of-way in front of the 6008 Dogwood residence.  Officer Winkler retrieved and looked through the trash, and found a wire scraping tool with residue on it, marijuana stems and seeds, a used pipe screen with residue, and an LES utility bill for the 6008 Dogwood residence.  Officer Winkler tested the residue, and it was positive for marijuana.

Officer Winkler's warrant affidavit requested authority to search the property at 6008 Dogwood Street, and to videotape, photograph, and seize any controlled substances; any paraphernalia for using, preparing, manufacturing, and distributing marijuana; any documentary evidence related to the source or buyers of any controlled substances; any proceeds directly attributable to the sale of controlled substances; and any evidence concerning who occupied the premises.

The warrant application warrant application was granted, and a warrant to search the 6008 Dogwood residence was issued on October 10, 2007 by a County Court Judge for Lancaster County, Nebraska.

The search warrant was executed on October 10, 2007. At the time of the search, defendant Krotz was living in a basement apartment of the 6008 Dogwood residence. Filing 22 (defendant's brief), p. 2. Items were seized during the search, and the inventory of property seized was filed on October 16, 2007. The items listed in the inventory are consistent with the scope of search authorized under the warrant.

As to the search of the apartment at 2001 Washington Street, the defendant's supplemental brief explains that on October 18, 2007, the Lincoln Police were called to investigate a complaint by defendant Krotz' former landlord concerning suspicious items Krotz left behind when he abandoned the 2001 Washington apartment. The defendant's supplemental brief states that defendant Krotz' lease had expired on August 31, 2007, and when the officers investigated the abandoned apartment on October 18, 2007, they found evidence indicative of growing, possessing, and selling marijuana. Filing 32, (defendant's supplemental brief), p. 2.

## LEGAL ANALYSIS

### 6008 Dogwood Street

The defendant does not argue that Officer Winkler intentionally or recklessly misstated or excluded material information when requesting a warrant to search the residence at

5

6008 Dogwood, nor does he claim the issuing judge wholly abandoned his or her judicial role in issuing the warrant. Defendant Krotz is therefore not entitled to an evidentiary hearing to determine if the warrant application supported a probable cause finding by the issuing judge. Franks v. Delaware, 438 U.S. 154, 170 (1978); United States v. Frazier, 280 F.3d 835, 845 (8th Cir. 2002). Accordingly, this court's review of the issuing court's probable cause determination is based on the facts set forth in the warrant application itself. "After a judge has issued a search warrant upon a finding of probable cause, 'that finding deserves great deference.'" U.S. v. Proell, 485 F.3d 427, 430 (8th Cir. 2007)(quoting Walden v. Carmack, 156 F.3d 861, 870 (8th Cir. 1998)).

    A judicial officer presented with a warrant application must consider the "totality of the circumstances" to determine if probable cause exists to justify issuing a search warrant. Illinois v. Gates, 462 U.S. 213, 230 (1983). "Probable cause to issue a search warrant exists when an affidavit [or testimony] in support of the warrant sets forth sufficient facts to establish that there is a 'fair probability that contraband or evidence of' criminal activity will be found in the particular place to be searched." Proell, 485 F.3d at 430(quoting United States v. Davis, 471 F.3d 938, 946 (8th Cir. 2006)(quoting Gates, 462 U.S. at 238 (1983)). The court must "'make a practical, common-sense decision' of whether, given all the circumstances set forth in the warrant application, there is a fair probability that evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238 (quoting Jones v. United States, 362 U.S. 257, 271 (1960)); United States v. Horn, 187 F.3d 781, 786 (8th Cir. 1999)(quoting Gates, 462 U.S. at 238)).

Upon review of the warrant affidavit, there was ample evidence to support issuance of a warrant to search the home located at 6008 Dogwood Street.  Finding a wire scraping tool and a used pipe screen with marijuana residue, along with an LES utility bill for the 6008 Dogwood address in the trash outside that residence, standing alone, provided probable cause to search that residence for illegal drug activity.  See U.S. v. Biondich, 652 F.2d 743, 745 (8th Cir. 1981).  The additional information accumulated by Officer Winkler concerning the high electrical usage at this location, defendant Leach's past involvement and suspected current involvement in growing, possessing, and selling marijuana, and defendant Leach's occupancy of the 6008 Dogwood residence served to further buttress a finding that a search of this residence would likely lead to the discovery of criminal activity.

Defendant Krotz' initial brief argued that since he was not suspected of conducting criminal activity, that portion of the 6008 Dogwood residence where defendant Krotz lived should not have been searched.  However, "search warrants are not directed at persons; they authorize the search of places and the seizure of things, and as a constitutional matter, they need not even name the person from whom the things will be seized."  Zurcher v. Stanford Daily, 436 U.S. 547, 555 (1978).  "The [Fourth] Amendment has not been a barrier to warrants to search property on which there is probable cause to believe that fruits, instrumentalities, or evidence of crime is located, whether or not the owner or possessor of the premises to be searched is himself reasonably suspected of complicity in the crime being investigated."  Id. at 549-50.  Therefore, there is no merit to defendant Krotz' claim that the police lacked probable cause to search his portion of the 6008 Dogwood residence merely because

Krotz himself was not identified as a suspect prior to that search.

Finally, even if the court assumes that the affidavit failed to provide a sufficient nexus between the 6008 Dogwood residence and criminal drug activity, the <u>Leon</u> good-faith exception saves the evidence from suppression under the facts of this case. <u>United States v. Leon</u>, 468 U.S. 897, 921 (1984).  Under the good-faith exception, evidence seized pursuant to a search warrant issued by a judge will not be suppressed "if the executing officer's reliance upon the warrant was objectively reasonable."  <u>Proell</u>, 485 F.3d at 430.  Under the facts presented in this case, the officers' belief that the warrant authorized a search of the residence at 6008 Dogwood was objectively reasonable.  Any motion to suppress the evidence found during the search conducted pursuant to the warrant cannot be suppressed. <u>U.S. v. Ross</u>, 487 F.3d 1120, 1122-23 (8th Cir. 2007).

<u>2001 Washington Street</u>

A defendant challenging a search under the Fourth Amendment has the initial burden of proving he has a legitimate expectation of privacy in the searched premises.  Absent such a showing, he lacks standing to raise a Fourth Amendment claim.  <u>U.S. v. Morales</u>, 737 F.2d 761, 763 (8th Cir. 1984).

A defendant has no standing to contest a warrantless search of an apartment after he has moved out and his lease has expired. <u>U.S. v. Hoey</u>, 983 F.2d 890 (8th Cir. 1993)(holding that the warrantless search of the apartment the defendant had abandoned was valid).  See also <u>Abel v. United States</u>, 362 U.S. 217, 241 (1960)(stating the warrantless search of a hotel room was lawful

because the defendant had already vacated the room when the search was conducted); U.S. v. Reyes, 908 F.2d 281, 286 (8th Cir. 1990)(holding the defendant lacked any standing to object to the search of a rented locker after the rental period had expired); U.S. v. Morales, 737 F.2d 761, 763 (8th Cir. 1984)(holding defendant lacked standing to challenge the search of a motel room he vacated).

Based on the facts set forth in the defendant Krotz' briefs, Krotz was living at 6008 Dogwood and not in the 2001 Washington apartment on October 18, 2007; his lease for the 2001 Washington apartment had expired on August 31, 2007; and his former landlord had contacted the police to investigate items Krotz had left behind in the apartment. Defendant Krotz has made no showing that he possessed any legitimate expectation of privacy in the items remaining in the 2001 Washington apartment on October 18, 2007. "There can be nothing unlawful in the Government's appropriation of such abandoned property." Abel v. U.S., 362 U.S. 217, 241 (1960). Defendant Krotz' motion to suppress the items and evidence seized on October 18, 2007 during the warrantless search of his former apartment at 2001 Washington Street should be denied.

IT THEREFORE HEREBY IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, that to the extent the motion to suppress, filing 21, seeks suppression of evidence, this motion should be denied in all respects.

The parties are notified that a failure to object to this recommendation in accordance with the local rules of practice may be held to be a waiver of any right to appeal the district judge's adoption of this recommendation.

IT FURTHER HEREBY IS ORDERED:

1. To the extent the defendant's motion, filing 21, seeks a ruling concerning the relevance and admissibility of evidence pursuant to the Federal Rules of Evidence, the motion is a motion in limine.

2. The clerk is directed to identify filing 21 as not only a motion to suppress, but also a motion in limine.  The clerk shall identify filings 22 and 32 as defendant Krotz' briefs in support of his filing 21 motion in limine and motion to suppress, and filing 33 as the government's brief in opposition to the filing 21 motion in limine and motion to suppress.  To the extent filing 21 is a motion in limine, it shall not be referred to the undersigned for ruling.

3. Trial is set to commence at 9:00 a.m. on February 25, 2008, for a duration of four trial days before the Honorable Richard G. Kopf in Courtroom 1, United States Courthouse and Federal Building, 100 Centennial Mall North, Lincoln, Nebraska.  Jury selection will be at the commencement of trial.

DATED this 28th day of January, 2008.

                                        BY THE COURT:

                                        s/ *David L. Piester*
                                        David L. Piester
                                        United States Magistrate Judge